**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE SHOSHONE INDIAN TRIBE OF THE WIND RIVER RESERVATION, WYOMING,<br>*Plaintiff*,<br>v.<br>THE UNITED STATES,<br>*Defendant*. | ) | No. 4582-79L, 4583-79L<br>Judge Hewitt |
| THE ARAPAHO INDIAN TRIBE OF THE WIND RIVER RESERVATION, WYOMING,<br>*Plaintiff*,<br>v.<br>THE UNITED STATES,<br>*Defendant*. | ) | No. 4592-79L, 4593-79L<br>Judge Hewitt |

**DEFENDANT'S RESPONSE TO**
**TRIBES' MOTION FOR LEAVE TO AMEND PETITIONS**

Plaintiffs, Eastern Shoshone and Northern Arapaho Tribes (collectively "Tribes"), seek leave to amend petitions filed in 1979, to add damages allegedly incurred by the Tribes prior to August 14, 1946. Defendant, United States, opposes the "Tribes' Motion For Leave To Amend Petitions" (hereinafter "Tribes' Motion" or "Motion") because their proposed amended petitions are futile pursuant to RCFC 15(a). Presently, the Tribes' proposed amended petitions include

claims involving the mismanagement of trust assets accruing prior to August 14, 1946. These claims are time-barred pursuant to the decision by the United States Court of Appeals for the Federal Circuit in Shoshone Indian Tribe v. United States, 364 F.3d 1339 (Fed. Cir. 2004), cert. denied, 125 S.Ct. 1824 (2005) and cert. denied, 125 S.Ct. 1826 (2005).

## I. BACKGROUND

The Tribes filed petitions in this case 26 years ago before the United States Court of Claims.[1/] The Tribes' original petitions declared August 14, 1946 as the earliest date for their claims. See Shoshone original petition at paragraphs 9 and 10 and Arapaho petition at paragraphs 10 and 11. (Case No. 79-4582, Docket No. 17). This date corresponds to the enactment of the 1946 Indian Claims Commission Act. 60 Stat. 1052. See Shoshone Indian Tribe, 364 F.3d at 1343.

In recent years, this Court divided the claims into four main stages. See Shoshone Indian Tribe v. United States, 51 Fed. Cl. 60, 62 (2001). Claims currently before the Court include those alleging "mineral resource mismanagement." See Court Order filed August 27, 2004. (Case No. 79-458, Docket No. 419). See also the Eastern Shoshone and Northern Arapaho Tribes' Legal Bases for the Tribes' Theories of Recovery for Breach of Trust filed August 30, 2000. ("Tribes'

---

[1/] The Federal Courts Improvement Act of 1982, Pub. L. No. 97-164, 96 Stat. 25, established the United States Court of Appeals for the Federal Circuit (by merging the appellate functions of the United States Court of Claims and the United States Court of Customs and Patent Appeals) and created the United States Claims Court out of the trial division of the Court of Claims. In 1992, the United States Claims Court was renamed the United States Court of Federal Claims, effective October 29, 1992. See Federal Court Administration Act of 1992, Pub. L. No. 102-572, § 902, 106 Stat. 4506, 4516 (1992).

Theories of Recovery") (Case No. 79-458, Docket No. 149).[2] Due to a lack of specificity in these claims, this Court directed the Tribes to identify the actual issues to be resolved at trial by January 13, 2006 including:

> "any discrete claims from the pre-1973 time period falling outside conventional Oil and Gas Phase Two claims for improper collection of royalties or improper accounting, including but not limited to any so-called drainage claims as discussed by way of example in the June 1, 2005 teleconference (discrete claims)."

Court Order filed June 6, 2005 (Case No. 79-4582, Docket No. 12). Importantly, the Court ordered that the Tribes' statement "shall include the types of damages claimed, the legal theories supporting recovery, and the time frames for which discovery is sought." Id. The Tribes' proposed amended petitions now seek to recoup damages for asset mismanagement claims accruing as of the original settlement date by each tribe on the Reservation, 1868 and 1878, respectively. See Motion at 1-2 and Exhibit A at paragraphs 3, 8-10 and Exhibit B at paragraphs 5, 10-11.

Statute of limitations issues have played prominently throughout this litigation. The Federal Circuit's decision exposes the futility of the Tribes' collective positions with regard to their requests to amend. See Shoshone Indian Tribe v. United States, 364 F.3d 1339 (Fed. Cir.

---

[2] See Tribes' Theories of Recovery (Case No. 79-458, Docket No. 149) at pages 15-23 in which the Tribes list claims for reasonable diligence, drainage, improper approval of agreements, agreement violations, prevention of waste, excessive surface burdens, and so forth. See also the "Response of the Eastern Shoshone and Northern Arapaho Tribes to United States' Motion Re Statute of Limitations Issues" filed August 21, 2001 at 3 ("The third phase of the case relates to the remaining oil and gas operations issues, including pre-1973 issues"), which is cited by this Court in Shoshone Indian Tribe v. United States, 51 Fed. Cl. 60, 62 (2001) ("The third phase involves residual issues relating to oil and gas extraction such as the failure to monitor leases").

2004). In affirming, in part, an opinion issued by this Court on the issue of statute of limitations,[3] the Federal Circuit held that the Department of the Interior and Related Agencies Appropriations Act, Public Law No. 108-7 (including both an earlier version and ones subsequently adopted thereafter) (collectively referred to as "Act") precluded the statute of limitations from running on a tribe's claims falling within the ambit of the Act until the tribe receives a meaningful accounting. See Shoshone, 364 F.3d at 1344, 1347. The Court expressly held that claims involving trust assets do not fall within the ambit of the Act. Thus, there is no tolling of the statute of limitations as to claims involving trust assets. Id. at 1348, 1350.

The Tribes' proposed amendments do not make substantive changes to their original claims. Both the original and proposed amended petitions allege the Defendant's breach of duties to include the mismanagement of Tribal trust funds and other income-producing property. Cf. Exhibit A to Tribes' Motion, Shoshone proposed petition at paragraph 10, with Shoshone original petition at paragraph 10 (Case No. 79-4582, Docket No. 17); Cf. Exhibit B to Tribes' Motion, Arapaho proposed petition at paragraph 11, with Arapaho original petition at paragraph 11 (Case No. 79-4582, Docket No. 17). Specifically, both Tribes' petitions include allegations of oil and gas asset mismanagement. Cf. Exhibit A to Tribes' Motion, Shoshone proposed petition at paragraphs 21-25, with Shoshone original petition at paragraphs 21-25 (Case No. 79-4582, Docket No. 17); Cf. Exhibit B to Tribes' Motion, Arapaho proposed petition at paragraph 22, with Exhibit 2, Arapaho original petition at paragraph 22 (Case No. 79-4582, Docket No. 17). Because the Federal Circuit declined to toll statutes of limitations as to trust asset claims, however, these claims do not fall within the exception created by the Federal Circuit and are

[3] See Shoshone Indian Tribe v. United States, 51 Fed. Cl. 60 (2001).

limited to periods of time from 1946 on. Any pre-1946 asset management claims had to have been brought by August 13, 1951.[4] Id.

## II. ARGUMENT

The Federal Circuit Court of Appeals has already determined as a matter of law that trust asset mismanagement claims alleged for periods prior to August 14, 1946, are time-barred. Shoshone, 364 F.3d at 1349-1350. No interpretation of the Shoshone decision by the Tribes can lead to a result where these claims may be permitted. As such, it would be a futile endeavor for the Tribes to amend their petitions pertaining to asset mismanagement claims.

Although RCFC 15(a) favors grants of leave to amend when "justice so requires," the United States Supreme Court has expressly recognized that a proposed amendment may be denied where doing so would avoid a futile result. Foman v. Davis, 371 U.S. 178 (1962). The Federal Circuit, as well as this Court, have also found futility to be an appropriate basis for denying leave to amend. E.g., Cultor Corp. v. A.E. Staley Mfg. Co., 224 F.3d 1328, 1333 (Fed. Cir. 2000) (futility was apparent); Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1404 (Fed. Cir. 1989) (apparent futility); see also Johnson v. United States, 41 Fed. Cl. 341, 347 (1998) (request denied to amend dismissed complaint for lack of jurisdiction, because proposed amendment did not include a jurisdictionally-required monetary claim); Black v. United States, 24 Cl. Ct. 471, 476 (1991) (request to amend complaint to add a tort claim denied for lack of jurisdiction). Additionally, the Foman standard does not require the Court to "reach the legal merits of the cause of action being added." Effingham County Bd. of Educ. v. United States, 9 Cl. Ct. 177,

---

[4] Prior to passage of the Indian Claims Commission Act, tribes could not litigate claims against the United States without specific authority from Congress. Id.

181 (1985).

A motion to amend is deemed "futile" where the proposed claim is "frivolous and insufficient on its face," Croskey v. United States, 24 Cl.Ct. 420, 423 (1991), or where the proposed claim would not withstand a motion to dismiss. See Slovacek v. United States, 40 Fed. Cl. 828, 834 (1998). See also Hickman v. United States, 43 Fed. Cl. 424, 438 (1999) (denied, in part, because two proposed new counts did not state claims upon which relief could be granted); Herndon v. United States, 36 Fed. Cl. 198, 202-203 (1996) (request to amend complaint to add a third party to takings action futile because the third party lacked a compensatory interest in the property). Proposed motions to amend have been denied in at least one other instance where the statute of limitations would preclude the amended claim. See Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir.1988) (affirming district court's denial of motion to amend where proposed amendment would have alleged a claim that was barred by the applicable statute of limitations).

The Tribes' proposed amended petitions are futile on their face and could not withstand a motion to dismiss, because they seek damages as to trust asset mismanagement for periods prior to August 14, 1946. Shoshone, 364 F.3d at 1349-1350. As mentioned above, these claims are time-barred pursuant to the Federal Circuit decision in Shoshone. Id. The Tribes' Motion fails to distinguish between claims for mismanagement of certain trust fund monies, which may be allowable for periods pre-dating 1946, and claims for mismanagement of trust assets, which are not allowed.[5/] Because the Tribes did not bring their pre-1946 asset mismanagement claims by

---

[5/] In fact, the Tribes gloss almost entirely over this problem speaking in their Motion only to the claims seeking damages for "losses to or mismanagement of trust funds." Motion at 2-5. They overstate their case when they broadly contend they "have viable claims for earlier time periods."

August 13, 1951, and these do not fall within the limited exception thereto created by the Federal Circuit, they are forever barred from asserting claims for mismanagement of trust assets for periods prior to August 14, 1946.

## III. CONCLUSION

For the reasons stated above, Defendant respectfully requests the Court deny the Tribes' request to amend their petitions to expand their claims of trust asset mismanagement to include periods of time prior to August 14, 1946.

Dated: December 5, 2005

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

*s/Terry M. Petrie*
TERRY M. PETRIE
Environment and Natural Resources Division
U.S. Department of Justice
999 18th Street, Suite 945
Denver, CO 80202
(303) 312-7327 (telephone)
(303) 312-7379 (facsimile)
Terry.Petrie@usdoj.gov
Counsel of Record for Defendant

---

Motion at 2. At most, the Tribes give some evidence in a footnote of having an awareness of an issue with the reach of their proposed amendments. At footnote 2 on page 6 of their Motion, the Tribes acknowledge that their "claims for such earlier periods [prior to August 14, 1946] would of course be subject to the Federal Circuit's ruling regarding the scope of preserved claims." That acknowledgment, without establishing why their proposed asset mismanagement claims fall within the ambit of the Appropriation Acts, implicitly serves to concede the overreach of their Motion.

OF COUNSEL
THOMAS KEARNS
Office of the Solicitor
United States Department of the Interior
Washington, DC 20240